■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES SMILEY, Appellant.— Having reconsidered these appeals following the submission of supplemental briefs and the order of this court dated October 1, 1968 which vacated its orders of September 19, 1968 which affirmed these appeals, this court now affirms the judgment of conviction rendered November 2, 1967 as also the orders entered August 16, 1967 and October 9, 1967 dismissing appellant's writs of habeas corpus. Concur — Stevens, P. J., Eager, Capozzoli, McGivern and Rabin, JJ.

■ NEW YORK SPORTING ARMS ASSOCIATION, INC., et al., Individually and on Behalf of All Rifle and Shotgun Dealers Similarly Situated, Appellants, v. CITY OF NEW YORK et al., Respondents.— Judgment entered April 23, 1968, unanimously modified on the law to the extent of striking therefrom the last decretal paragraph dismissing the complaint as to plaintiffs T. Stanley Bloch and Jack Appel and substituting therefor a provision declaring that Local Law No. 106 of the Local Laws of 1967 of the City of New York amending chapter 18 of the Administrative Code of the City of New York, in its general provisions and intendment, is constitutional and valid and that the said plaintiffs are in no way unconstitutionally aggrieved by any specific provisions of said law; and as so modified, affirmed with $50 costs and disbursements to respondents. Special Term correctly determined that the attack by the said plaintiffs upon the constitutionality and validity of Local Law No. 106 had no merit, and correctly sustained the validity of that law. However, Special Term erroneously dismissed the complaint because plaintiffs were not entitled to the declaration sought by them. (*Lanza* v. *Wagner*, 11 N Y 2d 317, 334; *Park Ave. Clinical Hosp.* v. *Kramer*, 26 A D 2d 613, affd. 19 N Y 2d 958; *Medical World Pub. Co.*, v. *Kaufman*, 29 A D 2d 859). A declaration should have been granted in defendants' favor as indicated hereinabove. Concur — Stevens, P. J., Eager, Capozzoli, McGivern and Nunez, JJ.